# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-00106-01-CR-W-BCW |
| ) | |
| ALAN M. HOATLAND, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant's Motion for Reconsideration of his Release Pursuant to 18 U.S.C. § 3142(i). Doc. 53. After the Court expedited briefing, the Government filed Suggestions in Opposition on December 28, 2020. Doc. 55. For the reasons discussed below, Defendant's motion is DENIED.

### I. Background

Defendant was charged by indictment with one count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i) (Count Two); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). Doc. 1. At a detention hearing held on May 9, 2017, United States Magistrate Judge John Maughmer released Defendant on an unsecured appearance bond subject to various conditions of release. Doc. 10.

On October 9, 2019, Defendant entered a plea of guilty to a one-count Information charging him with being a felon in possession of a firearm. Doc. 32. Defendant remained released on bond

after his guilty plea hearing. A sentencing hearing was scheduled for August 21, 2020 (Doc. 41), and then rescheduled for September 29, 2020 (Doc. 43). Both hearings, however, were cancelled to be reset on a later date.

On October 5, 2020, the Court received a report from the United States Pretrial Services Office regarding Defendant allegedly violating his conditions of release. Doc. 45. At the show cause hearing, the parties stipulated to the factual contents of the violation report. Doc. 49. The Court found Defendant violated the conditions of his release and ordered Defendant detained pending further proceedings. Doc. 50. Defendant remains in custody, awaiting sentencing in this case.

On December 22, 2020, Defendant filed a Motion for Reconsideration of Detention Order seeking a temporary release from custody pursuant to 18 U.S.C. § 3142(i). Doc. 53. In his motion, Defendant acknowledges he and his wife got into a "non-violent incident" in October 2020, which resulted in the police being called and Defendant being cited for simple assault. *Id.* at 1. He concedes "excessive alcohol consumption led to very poor choices on his part." *Id.* at 2.

Defendant contends he suffers from Legionnaire's Disease, leaving one lung essentially non-functional and making him especially vulnerable to pulmonary distress. *Id*. He maintains "CCA is now a hot spot for COVID which is potentially life-threatening" for him. *Id.* Defendant argues 18 U.S.C. § 3142(i) allows a judicial officer to release an individual from a previous order of detention for any compelling reason. *Id.* He also submits 18 U.S.C. § 3143 provides authority for release because a sentence of probation is possible, and there are conditions of release that can assure the community's safety. *Id.* According to the motion, Defendant is "obviously petrified of contracting COVID and dying pending sentencing." *Id.* at 3.

2

The Government opposes Defendant's request for temporary release. Doc. 55. According to the Government, Defendant faces an advisory sentencing guideline range of 77 to 96[1] months, which places the burden on Defendant to demonstrate by clear and convincing evidence that he does not pose a danger to another person or the community. *Id*. at 2. The Government contends that although the domestic incident did not result in physical injury, it caused Defendant's wife to fear for her safety and flee to a neighbor's house, and it caused law enforcement officers to place Defendant in restraints due to his agitated state. *Id.* at 3. The Government also received information from the Pretrial Services Officer that Defendant previously advised the officer that he suffered from COVID-19 in the summer of 2020. Since he already had COVID-19, the Government argues Defendant is much less likely contract it again. *Id.* The Government also observes that in the Presentence Investigation Report, Defendant described his health as "good," and he was not under a doctor's care. *Id.*

**II.     Discussion**

Defendant's motion seeks relief under 18 U.S.C. § 3142(i) or, alternatively, 18 U.S.C. § 3143. The first question to be addressed is whether section 3142(i) applies when a defendant has entered a plea of guilty and is awaiting the imposition of sentence. Federal courts are divided on whether section 3142(i) applies in a post-plea context. *Compare United States v. Velasquez*, Case No. 2:19-CR-109-TS, 2020 WL 3605653, at *1 (D. Utah July 2, 2020), *and United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at *3 (D. Kan. Apr. 15, 2020), *and United States v. Williams,* 467 F. Supp. 3d 106, 109 (W.D.N.Y. 2020), *with United States v. Kennedy*, No. 18-20315, 2020 WL 1547878, at *4 (E.D. Mich. Apr. 1, 2020). The Eastern District of Missouri observed, "[t]he decision to release a defendant pending sentencing is generally governed by 18

---

[1] The Government submits Defendant's Criminal History Category is VI, based on the accrual of 23 criminal history points. Doc. 55 at 3.

3

U.S.C. § 3143 and perhaps 18 U.S.C. § 3145(c), but not by 18 U.S.C. § 3142." *United States v. Thompson,* Case No. 4:8CR821SNLJ, 2020 WL 2200972, at *2 (E.D. Mo. Apr. 17, 2020) (refusing to apply section 3142(i) in a post-plea motion to reconsider detention). This Court agrees with those courts that have determined section 3142(i) does not apply to a defendant who has pleaded guilty and is awaiting sentencing. For this reason alone, Defendant's motion for relief pursuant to section 3142(i) is DENIED.

Even if the Court were to apply section 3142(i) in Defendant's situation, his motion must still be denied. Section 3142(i) states, in relevant part, "the judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances exist that would warrant temporary release under section 3142(i). *See, e.g., United States v. Clark,* 448 F. Supp. 3d 1152, 1155 (D. Kan. 2020). Most courts that have addressed a motion for temporary release under section 3142(i) have done so in the context of evaluating the necessity of a defendant assisting with preparing his or her defense. *Id.* (collecting cases).

A medical condition may also present a "compelling reason" for temporary release, but courts have typically granted relief only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton,* No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020); *see also Clark,* 448 F. Supp. 3d at 1155. Although courts are mindful of the unprecedented magnitude of the COVID-19 pandemic, a defendant should not be entitled to temporary release under section 3142(i) based solely on generalized COVID-19 fears and speculation. *Clark,* 448 F. Supp. 3d at 1156.

4

When faced with COVID-19 based arguments in a motion seeking relief pursuant to section 3142(i), several courts have considered the following factors in determining whether a defendant's COVID-19 concerns present a compelling reason for release: (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Id.* at 1157; *see also United States v. Bowers,* Case No. 19-00143-01-CR-W-BP, 2020 WL 5520567 (W.D. Mo. Sept. 14, 2020) (citation omitted). Assuming section 3142(i) is applicable to Defendant's situation, this Court believes the four factors should be considered.

Regarding the first factor, the original detention decision was based on a bond violation involving aggressive conduct toward a spouse, a display of agitation requiring Defendant to be restrained by police, and the issuance of a citation for assault. Defendant's behavior was significant enough that it caused his spouse to flee to a neighbor's house to seek assistance. Although Defendant has been candid in his pleadings about excessive alcohol leading to this incident, the incident created serious concerns regarding the safety of other persons and the community. These concerns are not alleviated by COVID-19 or Defendant's release plan. The grounds for the original detention decision weigh in favor of continued detention.

The second factor involves the specificity of a defendant's stated concerns regarding COVID-19. Here, Defendant alleges he suffers from Legionnaire's Disease, which has rendered one lung essentially non-functional and leaves him vulnerable to pulmonary distress. The Government argues that since Defendant reported he already had COVID-19, described his health condition as good, and advised the probation office during the presentence investigation that he

5

was not under a doctor's care, his arguments about health risks due to COVID-19 are diminished significantly. Although the Court recognizes the ongoing pandemic creates general fear and anxiety for all people, especially those with underlying health issues, the Court finds Defendant's stated concerns about his health condition and the risk of COVID-19 are too speculative or generalized to favor release, especially when Defendant reported he already suffered from COVID-19 several months ago while released on bond.

With regard to the third factor, Defendant avers he would agree to home monitoring with work release, wear a GPS bracelet, avoid harmful physical contact with his spouse, attend counseling with his spouse, and abstain from using any foreign substances and alcohol. Doc. 53 at 3. The only mention of COVID-19 in the proposed release plan is Defendant intends to get vaccinated before serving any potential prison sentence. *Id.* The Court finds the proposed release plan does not sufficiently address the extent to which it is tailored to mitigate or exacerbate other COVID-19 risks to Defendant. The Court also observes the proposed release plan contains no information concerning the fourth factor – that is, the likelihood that Defendant's proposed release plan would increase COVID-19 risks to others.

Based on the foregoing analysis, the Court concludes Defendant has not demonstrated a sufficiently compelling reason to show his temporary release is necessary under section 3142(i). Thus, Defendant's motion based on section 3142(i) is therefore DENIED.

Defendant alleges in the alternative he should be released under 18 U.S.C. § 3143, which provides in pertinent part:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a

6

Case 4:17-cr-00106-BCW   Document 56   Filed 01/20/21   Page 6 of 7

danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added).  Section 3143 clearly applies to those defendants who have entered a plea of guilty and await the imposition of a sentence.  Further, section 3143 requires detention unless it can be shown by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community.

For the reasons noted above, the Court finds Defendant has failed to demonstrate by clear and convincing evidence that he will not pose a danger to the safety of any other person or the community if he is released.  The Court further finds that with an advisory guideline range of 77 to 96 months, the statutory provision that exempts those persons for whom the applicable guideline does not recommend a term of imprisonment is not applicable to Defendant.  Therefore, Defendant's motion based on section 3143 is DENIED.  Defendant shall remain detained in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: January 20, 2021           */s/ W. Brian Gaddy*
                                          W. BRIAN GADDY
                                          UNITED STATES MAGISTRATE JUDGE